**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **EMMETT LANE JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-cv-820-DRH** |
| | ) | |
| **DAVE REDNOUR,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner, Emmett Lane Jr., currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.  Petitioner was convicted of first degree murder, attempted murder, and robbery in the First Judicial Circuit Court in Pulaski County, Illinois in June 2005.  The Fifth District Appellate Court affirmed this conviction on July 6, 2006, and the Supreme Court of Illinois denied further review on July 28, 2006.  Petitioner moved for post-conviction collateral relief with the First Judicial Circuit Court in Pulaski County, which was denied May 6, 2008.  The Fifth District Appellate Court denied review on February 2, 2010, and the Supreme Court of Illinois denied review on May 26, 2010.  Petitioner filed the instant action October 20, 2010.

In this action, Petitioner challenges his conviction for which he is serving a 45 year sentence.  Petitioner contends that he was denied an adequate trial on a number of grounds.  First, Petitioner alleges that the prosecution made improper remarks during closing arguments, accusing defense counsel of lying and/or attempting to confuse the jury, as well as drawing unnecessary attention to the military status of State witnesses.  Second, Petitioner alleges that the trial court erred by allowing State witnesses to wear their military uniforms while they were testifying, without questioning potential jurors as to whether there was any underlying bias in favor of members of the military.  Third, Petitioner alleges that he had ineffective assistance of counsel in that potential jurors were not questioned during voir dire about any bias they may have had in favor of members of the military.  Fourth, Petitioner alleges that his counsel was ineffective for failing to call witness Michael Schoffner to the stand, who was allegedly present during the time of the murder and would have corroborated Petitioner's claim of self defense.  Fifth, Petitioner alleges that the State failed to prove him guilty beyond a reasonable doubt because there was clear evidence that showed that Petitioner acted on threat of force.  And Sixth, Petitioner alleges that his appellate counsel was ineffective for failing to raise the above mentioned grounds on appeal.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

Signed this 3rd day of February, 2011.

David R. Herndon
2011.02.03
11:48:12 -06'00'

**Chief Judge**
**United States District Court**